**STEWART LEE KARLIN LAW GROUP, P.C.**
Daniel Edward Dugan, Esq.
111 John Street, 22nd Floor
New York, NY 10022
T: (212) 792-9670
Dan@stewartkarlin.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LUIS ALFARO

        Plaintiff,

v.                                                                    **Civil Action No.**

JERSEY COLLEGE,

        Defendant.

**COMPLAINT**

Plaintiff LUIS ALFARO, by and through his attorney, hereby alleges:

**Nature of the Claim**

1. This is a civil action based upon the Defendant's violations of the American Disabilities Act, 42 USC § 12182 and Section 504 of the Rehabilitation Act of 1973, and the New Jersey Law Against Discrimination by discriminating against Plaintiff due to his disability and perceived disability and failing to reasonably accommodate him.

**Jurisdiction and Venue**

2. This Court has jurisdiction over Defendant JERSEY COLLEGE pursuant to 42 USC § 12117.

3. This action properly lies in the District Court of New Jersey, as Defendant's principal place of business is the State of Jersey, Bergen County, and the allegations set forth below

occurred in the same.

## Parties

4. At all times hereinafter mentioned, Plaintiff LUIS ALFARO ("Plaintiff" or "Alfaro") was and still is a resident of the State of New York. At all relevant times, Plaintiff was a student and applicant of Defendant Jersey College

5. Plaintiff has a disability and perceived disability (hearing impairment), that impacts major life activities and he participated in protected activity pursuant to the ADA. Plaintiff had a physical and mental impairment that substantially limits one or more major life activities, had a record of such an impairment, and was regarded as having such an impairment.

6. Defendant Jersey College is a private university duly organized and existing by virtue of the laws of the State of New Jersey. Plaintiff attended Jersey College at its Teterboro Campus, located at 546 US-46 Teterboro, NJ 07608.

## Statement of Facts

7. Plaintiff enrolled as a student in Jersey College's LPN to RN Bridge Program (hereinafter referred to as the "Program"), commencing his studies in November 2018.

8. Plaintiff successfully completed all of his coursework up to the Spring 2020 semester in an exemplary manner, maintaining a "B+" grade average. Plaintiff's academic and disciplinary history was unblemished.

9. During the Spring 2020 semester, the Covid-19 pandemic forced all learning to shift to a virtual model. This shift to virtual learning caused Plaintiff to experience academic difficulties during his enrollment in the Program for the first time. Plaintiff is hearing impaired and utilizes hearing aids, which allowed him to successfully manage his disability during his enrollment in the Program.

10. Following the shift to virtual learning, Plaintiff began to have issues with the audio in his two Spring 2020 classes: Maternal-Newborn Nursing and Pediatric Nursing. Plaintiff was unable to hear his professor in these two classes. When Plaintiff used headphones, his hearing aids interfered with the headphones, producing feedback and whistling in his ears. Plaintiff consistently verbalized his inability to hear and understand his professor, but the professor was unwilling to accommodate him. In addition, the professor refused to answer Plaintiff's questions in class, discouraged him from actively participating in the class, and permitted an environment in which other students verbally ridiculed and made fun of Plaintiff's hearing impairment.

11. Defendant's failure to accommodate Plaintiff's hearing disability directly caused him to receive a grade below the required seventy percent in Maternal-Newborn Nursing and Pediatric Nursing during the Spring 2020 semester. These were Plaintiff's first grades below seventy percent during his enrollment in the Program.

12. Plaintiff was dismissed from the Program following the Spring 2020 semester due to these two failing grades.

13. Further, Defendant discriminated and retaliated (due to his requests for accommodations) by failing to act in good faith when numerous technical issues arose during Plaintiff's Spring 2020 exams. First, Plaintiff experienced technical difficulties downloading his midterm and OB Face 2 Exam due to unsolved issues with the Exemplify software. Plaintiff had a problem while taking his final exam, in which he was not able to progress from the first question. Plaintiff spent two and a half hours on the phone attempting to remedy the final exam issue, causing him great stress and putting him in a poor frame of mind to take the final exam when a second exam was finally uploaded. On each occasion,

Plaintiff promptly put Defendant on notice of the technical issues, yet Defendant did not satisfactorily resolve them in a timely manner, which had a detrimental effect on Plaintiff's exam scores.

14. Following his dismissal, at Defendant's instruction, Plaintiff submitted a Request for Readmission, made to Defendant's Academic Standards Committee on May 12, 2020. As per the Student Handbook, Plaintiff submitted his request with verifiable documentation of circumstances that contributed to the withdrawal/dismissal, an explanation of how these circumstances have been resolved, and a provision of a reasonable plan for meeting the academic requirements for good standing. As outlined above, Plaintiff was discriminated against due to his disability, and Defendant failed to provide him with a fair opportunity to complete his exams during the Spring 2020 semester, leading to his dismissal from the Program. Plaintiff's Request for Readmission outlined his plan for success upon readmission, showing that he has become proficient in Canvas and other virtual tools utilized by Defendant to better adjust to the distance learning format. Plaintiff also purchased new hearing aids in order to eliminate future audio issues that occurred with the distance learning format. Plaintiff also explained to the Academic Standards Committee that he was a hard-working father of five children and sought to complete the Program to provide a better living for his family.

15. Defendant failed to respond to Plaintiff's Request for Readmission.

16. Plaintiff resubmitted his Request for Readmission to Defendant on March 19, 2021 and March 23, 2021.

17. Defendant, by letter dated July 13, 2021, over one year after the submission of his Request for Readmission, denied the request, due to discrimination and retaliation.

18. Plaintiff has exhausted all internal remedies available to him prior to the commencement of this action.

### As and For a First Claim For Relief-
### Americans with Disabilities Act

19. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. Plaintiff is a protected individual within the meaning of the Americans with Disabilities Act 42 USC 12182.

21. Plaintiff has a disability within the meaning of the ADA.

22. Defendant is a statutory party within the meaning of the ADA.

23. The Defendant is a private entity as defined by the ADA, 42 U.S.C. 12181 and is a recipient that receives federal financial assistance as defined by the ADA.

24. Defendant violated the ADA by subjecting Plaintiff to disparate treatment, a hostile educational environment, and discriminatory treatment due to his disability and perceived disability.

25. Defendant retaliated against Plaintiff, in violation of the ADA, due to his requests for accommodations and his complaints of discrimination.

26. Plaintiff met the essential requirements for the receipt of services but the access to services was denied solely due to his disability which in turn denied his access to education.

27. The ADA, 42 U.S.C. §12132 was violated because Defendant intentionally discriminated and showed gross misjudgment against Plaintiff because he was excluded from participation in and denied the benefit of services and programs and activities and was otherwise discriminated and retaliated against by solely due to his disability.

28. As a result of the willful activities of Defendant, Plaintiff has been deprived of equal

educational opportunities based upon her disability, and perceived disability discrimination in violation of the Americans with Disabilities Act 42 U.S.C. 12182.

29. As a result of the foregoing conduct, Defendant has violated the ADA, 42 U.S.C. §12132 and the regulations promulgated thereunder resulting in Plaintiff being damaged.

**As and For a Second Claim For Relief-
<u>Section 504 of the Rehabilitation Act of 1973</u>**

30. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. Defendant is a recipient of federal financial assistance as defined by Section 504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.

32. Defendant offers a variety of programs and services for students that have disabilities in order for the student to gain access to their education.

33. Plaintiff is a qualified individual with a disability in that he met the essential requirements for the receipt of services and reasonable accommodations.

34. Defendant failed to provide reasonable accommodations to Plaintiff.

35. Defendant retaliated against Plaintiff for seeking reasonable accommodations.

36. As a result of the foregoing conduct, Defendant has violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794 and the regulations promulgated thereunder, resulting in Plaintiff being damaged.

**As and For a Third Claim For Relief-
<u>New Jersey Law Against Discrimination- Disability</u>**

37. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. Defendant has discriminated against Plaintiff in violation of the New Jersey Law Against

discrimination by subjecting him to disparate treatment due to his disability and in retaliation for his complaints of discrimination, *inter alia*, failing to permit him to return from him approved leave of absence.

39. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, pain, suffering.

40. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## Demand for a Jury Trial

41. Plaintiff herein demands a trial by jury of all issues and claims in this action.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Equitable Relief, including but not limited to

    A. Reinstatement, with expungement of all discriminatory grades, to the LPN to RN Bridge Program at Jersey College;

    B. Declaration that the actions taken against the Plaintiff were discriminatory and retaliatory;

2. Compensatory damages including but not limited to reimbursement for the tuition and related expenses paid to Defendant;

3. Special damages for a lost career as a result of not obtaining a RN degree, including

the salary Plaintiff would have earned if the degree was conferred;

4. Pain and suffering;

5. Attorney fees and costs;

6. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 5, 2023

STEWART LEE KARLIN LAW GROUP, P.C.

_____
Daniel Edward Dugan, Esq.
*Attorney for Plaintiff*
111 John Street, 22 Fl
New York, NY 10038
(212) 792-9670
Dan@stewartkarlin.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                         **STEWART LEE KARLIN**
                                         **LAW GROUP, P.C.**

By: _____
       Daniel Edward Dugan, Esq.

Dated: January 5, 2023